**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING**

**DERRICK D. JONES,**

        **Petitioner,**

**v.**                                          **Civil Action No. 5:17cv95
(Judge Stamp)**

**JENNIFER SAAD, Warden,**

        **Respondent.**

**REPORT AND RECOMMENDATION**

**I. Introduction**

On June 22, 2017, the *pro se* Petitioner, Derrick Jones, an inmate then incarcerated at FCI Gilmer in Glenville, West Virginia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his conviction and sentence. The Petitioner has satisfied the filing fee.

The matter is assigned to the Honorable Frederick P. Stamp, United States District Judge, and is referred to the undersigned United States Magistrate Judge for initial screening and to make proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

**II. Factual and Procedural History[1]**

**A. Conviction and Sentence**

---

[1] The facts are taken from the Petitioner's criminal Case No. 1:04cr597 in the United States District Court for the Northern District of Georgia, available on PACER. Unless otherwise noted, the ECF entries in this section refer to that criminal case. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record"); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records.'").

On November 8, 2005, a grand jury sitting in the Northern District of Georgia returned a superseding indictment on four counts charging the Petitioner with the following offenses: 1) possession with intent to distribute at least ten grams of cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii) and 851; 2) possession of a firearm in furtherance of drug trafficking crimes, in violation of 18 U.S.C. 924(c)(1)(A); 3) possession of a firearm by a convicted felon, in violation of 18 U.S.C. 922(g); and 4) possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841 (b)(1)(D) and 851. ECF No. 50.

On November 16, 2005, the Petitioner pleaded not guilty to all counts of the superseding indictment. A jury trial began on December 6, 2005. On December 9, 2005, the jury returned a verdict of guilty on Counts One, Two and Four and acquitted the Petitioner of Count Three. ECF No. 75. On April 14, 2006, the district court sentenced the Petitioner to a term of 300 months in custody on Counts One and Four, and imposed a 120 month sentence on Count Two; all to run concurrently. The court also imposed eight years of supervised release to follow the term of imprisonment, and ordered the Petitioner to pay a $100 special assessment for each offense. ECF No. 86.

**B. Appeal**

The Petitioner filed an appeal, arguing that: (1) the trial court erred in allowing Officer Kevin Otts to testify as a lay witness; (2) the trial court erred in denying his motions to suppress evidence seized from the hotel where he was arrested and statements to federal agent Joel Shepard; and (3) there was insufficient evidence to support his convictions. ECF Nos. 87, 102. On February 27, 2007, the Eleventh Circuit affirmed the Petitioner's convictions and sentences. ECF No. 102. On October 9, 2007,

the United States Supreme Court denied certiorari. Jones v. United States, 128 S.Ct. 373 (2007).

### C. Motions to Vacate, Appeals Thereof and other Motions for Relief

On October 8, 2008, the Petitioner, proceeding pro se, filed a motion to vacate his sentence, claiming that his trial counsel was ineffective for failing to: (1) allow him to testify at trial; (2) inform him of the government's plea offer; and (3) investigate the case and advise him of the strength of the Government's case. ECF No. 104. The government responded that the Petitioner's claim that counsel did not allow him to testify was belied by the record, which revealed that the court instructed him that it was his decision whether to testify, and he voluntarily waived that right. ECF No. 110 at 12-13. Next, the government stated that an evidentiary hearing was required to determine whether counsel communicated a plea offer to the Petitioner. Id. at 13. Finally, the Government argued that counsel investigated the case because counsel presented a mitigating witness at trial, and the Petitioner was well aware of the strength of the Government's case because he was present at the suppression hearing. Id. at 14-15.

On May 5, 2009, the court concluded that the record conclusively demonstrated that the Petitioner was not entitled to relief under 28 U.S.C. 2255 relief as to his claims that trial counsel was ineffective for failing to advise him of his rights to testify, to investigate the case, or to advise him of the strength of the Government's case. However, the court found it necessary to conduct an evidentiary hearing on the Petitioner's claim that trial counsel was ineffective for failing to inform him of the Government's plea offer. ECF No. 114 at 9-10. On June 25, 2009, the court conducted an evidentiary hearing to determine whether the Petitioner was provided ineffective

assistance of counsel as a result of trial counsel's failure to inform him of the Government's plea offer. After considering the testimony and evidence presented at the hearing, the court found that counsel did pursue plea negotiations with the Government and advised the Petitioner of the Government's plea offer. The court further concluded that counsel's decision not to recommend that the Petitioner accept the Government's offer, which would have resulted in a total sentence of 322 months of imprisonment, was reasonable given that the Petitioner ultimately received a sentence of 300 months of imprisonment. Accordingly, the Petitioner's motion to vacate his sentence was denied. ECF No. 122.

On June 27, 2016, the Petitioner filed a pro se motion under 28 U.S.C. 2244 for an order authorizing the district court to consider a second or successive application for relief under 28 U.S.C. 2254 or 2255. ECF No. 124. On October 17, 2016, the district court dismissed the motion for lack of jurisdiction, because such motion must be certified by the appropriate Court of Appeals. ECF No. 131.

Thereafter, the Petitioner filed an Application for Leave to File a Second or Successive Motion to Vacate, Set Aside, or Correct sentence in the United States Court of Appeals for the Eleventh Circuit. On October 28, 2016, the application was denied. ECF No. 133.

### D. Instant § 2241 Petition

The Petitioner attacks both his conviction and sentence. With respect to his conviction, the Petitioner raises a claim of ineffective assistance of counsel. In particular, the Petitioner alleges the same claims he presented in his section 2255 petition regarding the plea agreement. With respect to his sentence, the Petitioner cites

to the Supreme Court's decisions in <u>Johnson,</u> <u>Mathis</u> and <u>Descamps</u> to support his claim that was improperly sentenced as a career offender.

Petitioner contends that § 2255 is inadequate or ineffective to test the legality of his detention after his previous § 2255 motion was unsuccessful, because the grounds he alleges are newly discovered. ECF No. 1 at 9. For relief, the Petitioner requests that this Court remove the illegal enhancements placed upon him by the sentencing court. ECF No. 1-1 at 22.

### III. Legal Standard

#### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; <u>see also</u> Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B. Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and

must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[2] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by prison officials, disciplinary actions taken against him, the type of detention, and prison

---

[2] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

conditions in the facility where he is incarcerated."  Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar,[3] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal.  In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an exacting one.  In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

---

[3] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

a. The date on which the judgment of conviction becomes final;
b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

>(1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
>(2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
>(3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

However, "[t]he text of the savings clause does not limit its scope to testing the legality of the underlying criminal conviction." United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018), *reh'g en banc denied* June 11, 2018 (quoting Brown v. Caraway, 719 F.3d 583, 588 (7th Cir. 2013)). In Wheeler, the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241, and Jones is applicable to fundamental sentencing errors, as well as undermined convictions." Id. at 428. When contesting a sentence through a petition filed under § 2241, a petitioner still must meet the savings clause of § 2255. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

>(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; **and** (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

8

Wheeler, supra, at 429 (emphasis added).  The Fourth Circuit further specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler.  Id.

### IV. Analysis

Petitioner does not seek relief under any permissible ground in his § 2241 petition.  The Petitioner claims do not relate to the execution of sentence or calculation of sentence by the BOP.  Instead, the claims relate to the validity of the Petitioner's conviction and sentence imposed in the Northern District of Georgia.  Such claims are properly contested either on direct appeal or in a § 2255 proceeding, and thus the instant petition is actually an attempt to obtain relief available under § 2255, and should be treated as such.[4]

Although Petitioner asserts that he is entitled to relief under the savings clause, it is clear that he is not entitled to its application.  First, to the extent that the Petitioner is challenging his conviction, even if he satisfied the first and the third elements of Jones, the crimes for which he was convicted remain criminal offenses, and therefore, he cannot satisfy the second element of Jones.  With respect to his challenge to his sentence, the Court must review the petition under the four-part Wheeler test.  As to the first prong, it is clear that at the time of sentencing, settled law established the legality of the sentence imposed.  However, Petitioner cannot meet the second element of the Wheeler test, because any change to the settled law which established the legality of Petitioner's sentence has not been deemed to apply retroactively to cases on collateral

---

[4] The Court also notes that, regardless of how such a pleading is styled or captioned, a second or successive attempt to obtain relief under 28 U.S.C. § 2255 requires authorization from the appropriate appellate court, which authorization is not present here.

review. Because Petitioner cannot meet the second prong of the Wheeler test, this Court does not need to consider the third or fourth parts of the test.

Petitioner argues that he is entitled to relief under Johnson v. United States, 135 S.Ct. 2551, 2555-57 (2015), in which the Supreme Court struck the residual clause of the ACCA for being unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment. The only portion of the ACCA that was invalidated[5] was the residual clause of 18 U.S.C. § 924 which defines "violent felony" as any crime punishable by more than one year in prison "or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . " 18 U.S.C. § 924(e)(2)(B)(ii). Moreover, in order to be entitled to raise a Johnson argument regarding the invalidity of the residual clause of 18 U.S.C. § 924, the Petitioner must first demonstrate that he was sentenced under the ACCA. He was not, and accordingly, Johnson affords him no relief. Moreover, even if Johnson were applicable to Petitioner's situation, his Johnson claim is untimely raised.[6]

The Petitioner also relies on Mathis v. United States, 136 S.Ct. 2243 (2016) and Descamps v. United States, 133 S.Ct. 2276 (2013) for his argument that his sentence was improperly enhanced. However, the Petitioner's reliance on these two cases is misplaced. Neither Mathis nor Descamps apply retroactively in this Circuit. See, e.g., Stewart v. United States, No. Elh-17-1408. 2017 WL 2361809, at *5 (D.Md. May 31,

---

[5] The provision of the ACCA defining "serious drug offense" under 18 U.S.C. § 924(e)(2)(A) remains in full force and effect. Additionally, the provision of the ACCA defining "violent felony" as any crime punishable by more than one year in prison that: "(i) has an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves explosive . . ." remain in full force and effect as well. 18 U.S.C. § 924(e)(2)(B).

[6] The one year statute of limitations period of 28 U.S.C. § 2255(f)(3) for filing a claim relying on the Supreme Court's decision in Johnson expired on June 26, 2016.

2017) (§ 2255 case collecting cases holding that neither Descamps nor Mathis is retroactive*)*; Brandon v. Wilson, No. 3:16cv142, 2017 WL 707497, at *4 (N.D.W. Va. Jan. 30, 2017) (§ 2241 case collecting cases holding Mathis is non-retroactive). Accordingly, the Petitioner cannot meet the second prong of Wheeler.  Because the Petitioner attacks the validity of his sentence, but fails to establish that he meets all four prongs of the Wheeler savings clause test for erroneous sentences, the Petitioner cannot demonstrate that § 2255 is an inadequate or ineffective remedy and has improperly filed his petition under § 2241 with respect to his sentence.

In summary, because the Petitioner cannot meet the savings clause of § 2255 under either the Jones or Wheeler tests, the Petitioner's claims may not be considered under § 2241.  Accordingly, this Court is without jurisdiction to consider the Petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause."  Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. Recommendation

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED without prejudice.**

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the**

**Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:  July 2, 2018

*/s/ James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE