IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DERRICK D. JONES,

       Petitioner,

v.                                           Civil Action No. 5:17CV95
                                                            (STAMP)

JENNIFER SAAD, Warden,

       Respondent.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**
**AND DISMISSING PETITIONER'S PETITION**

I. Background

The pro se[1] petitioner, a federal inmate housed at FCI Gilmer, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. First, the petitioner claims ineffective assistance of counsel, a claim the petitioner previously raised under 28 U.S.C. § 2255. ECF No. 1 at 4. Second, the petitioner claims he was improperly sentenced under the Armed Career Criminal Act ("ACCA") because he argues that under Mathis v. United States, 136 S. Ct. 2243 (2016), his previous offenses for drug distribution under Georgia law are no longer a valid predicate under the ACCA. ECF No. 1-1 at 12.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule of Prisoner Litigation 2, this case was referred to United States

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

Magistrate Judge James E. Seibert. The magistrate judge then entered a report and recommendation. ECF No. 10. In that recommendation, the magistrate judge recommended that the petition be denied and dismissed without prejudice. ECF No. 10 at 11. The magistrate judge found that the petition relates to the validity of the petitioner's conviction and sentence, and as such is improperly brought under § 2241. ECF No. 10 at 9. Further, the magistrate judge found that the petitioner cannot demonstrate that § 2255 is inadequate or ineffective because he cannot show any change to the substantive law affecting his sentence that applies retroactively. ECF No. 10 at 9-10. Thus, the magistrate judge concluded that "the petitioner's claims may not be considered under § 2241 . . . [and] this Court is without jurisdiction to consider the [p]etition." ECF No. 10 at 11.

The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within 14 days after being served a copy of the report and recommendation. Neither party filed any objections to the report and recommendation.

For the reasons that follow, this Court finds that the report and recommendation of the magistrate judge should be adopted in its entirety.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the petitioner did not file any objections to the report and recommendation, the magistrate judge's findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. Discussion

After reviewing the parties' filings and the record, this Court is not "left with the definite and firm conviction that a mistake has been committed" by the magistrate judge. United States v. Gypsum Co., 333 U.S. at 395. The magistrate judge correctly held the pro se petition to less stringent standards than those complaints drafted by attorneys. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Upon review, the magistrate judge noted that in order to contest a sentence through § 2241 petition, a petitioner must show that a motion under § 2255 would be inadequate or ineffective. ECF No. 10 at 7-8 (citing United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018)). To meet the second prong of Wheeler, the petitioner must show that a change in substantive law applied retroactively to his sentence. The magistrate judge correctly noted that two of the cases on which petitioner relies, Mathis and Descamps v. United States, 133 S.Ct. 2276 (2013), do not

3

meet this requirement because neither are retroactive. ECF No. 10 at 10. Further, the magistrate judge found that although the petitioner argues that he is entitled to relief under Johnson v. United States, 135 S. Ct. 2251 (2015), this claim is untimely raised. ECF No. 10 at 10. Thus, the magistrate judge correctly found that the petitioner's claims may not be considered under a § 2241 petition. ECF No. 10 at 11.

Therefore, this Court finds that the findings of the magistrate judge are not clearly erroneous. Accordingly, the report and recommendation is affirmed and adopted in its entirety.

## IV. Conclusion

Because the petitioner has not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the report and recommendation of the magistrate judge (ECF No. 10) is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) is DENIED.

It is further ORDERED that this case be DISMISSED WITHOUT PREJUDICE and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner has failed to

object, he has waived his right to seek appellate review of this matter.  See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the pro se petitioner by certified mail.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    August 3, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE